**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Stevie Curtis Higgins, Jr., Appellant.

Appellate Case No. 2014-000393

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2015-UP-238
Submitted February 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 220(c), SCACR ("The appellate court may affirm any ruling,

order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); *State v. Provet*, 405 S.C. 101, 107, 747 S.E.2d 453, 456 (2013) ("South Carolina appellate courts review Fourth Amendment determinations under a clear error standard."); *id.* (stating that under the clear error standard, the appellate court will affirm if there is any evidence to support the trial court's ruling); *State v. Pichardo*, 367 S.C. 84, 96, 623 S.E.2d 840, 846 (Ct. App. 2005) ("The 'clear error' standard means an appellate court will not reverse a trial court's findings of fact simply because it would have decided the case differently."); *State v. Moultrie*, 316 S.C. 547, 551, 451 S.E.2d 34, 37 (Ct. App. 1994) ("A warrantless search that precedes a formal arrest is nonetheless valid if the arrest quickly follows."); *id.* ("The fact that an arresting officer improperly base[s] a search of an individual on a *Terry*-stop rationale does not prevent the State from otherwise justifying the search by proving probable cause to make a warrantless arrest of the individual existed prior to the search."); *id.* at 552, 451 S.E.2d at 37 ("[P]robable cause for a warrantless arrest generally exists 'where the facts and circumstances within the arresting officer's knowledge are sufficient for a reasonable person to believe that a crime has been or is being committed by the person to be arrested.'" (quoting *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991))); S.C. Code Ann. § 16-23-20 (Supp. 2014) (making it unlawful for anyone to carry a handgun about his person except in a limited number of circumstances); S.C. Code Ann. § 56-5-3160 (2006) (making it unlawful for a pedestrian to walk along a roadway where a sidewalk or shoulder is available, and providing that "[w]here neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the roadway").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.